UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
NAMEL NORRIS,                                          :     Case No.: 1:21-cv-8356-VSM
                                                       :
                Plaintiff,              :
                                                       :
  -against-                                           :     **VERIFIED ANSWER WITH**
                                                       :     **COUNTER AND CROSS CLAIMS**
PSYCHIC BOUTIQUE CORP., a New York                     :
corporation, d/b/a PSYCHIC BOUTIQUE and                :
JACREG REALTY CORP., a New York                        :
corporation,                                           :
                                                       :
                Defendants.             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

COUNSEL:

      The defendant(s), JACREG REALTY CORP. (hereinafter "defendant[s]"), by its/their attorneys, RUBIN PATERNITI GONZALEZ RIZZO KAUFMAN LLP, as and for an Answer to the Complaint of the plaintiff herein, respectfully alleges upon information and belief:

### RESPONSE TO "JURISDICTION AND PARTIES"

    FIRST:    Paragraph 1 of the complaint contains no allegations of fact requiring a response, which are in any event denied in toto to the extent such can otherwise be construed, except to affirmatively state that plaintiff purports to bring an action for declaratory and injunctive relief, entitlement to which is denied, and all legal conclusions are respectfully referred to this Court.

    SECOND:    Paragraph 2 of the complaint contains no allegations of fact requiring a response, which if so are otherwise denied, and refer all questions of law to the Court.

    THIRD:    Paragraph 3 of the complaint contains legal conclusions which require no response from this answering defendant, which are otherwise denied and respectfully referred to this Court.

1

FOURTH: Denies knowledge or information sufficient to form a belief as to each and every allegation contained within ¶ 4 of the complaint, except to state, upon information and belief, that plaintiff never visited the premises / establishment at issue, never raised an issue, concern or complaint regarding accessibility and, accordingly, was never denied access to same, and respectfully refer all questions of law and fact to the court and trier thereof.

FIFTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within ¶ 5, except to affirmatively state that defendant JACREG REALTY CORP. is a Domestic Business Corporation organized and existing under and by virtue of the laws of the State of New York, is authorized to and does conduct business in and within the City and State of New York, and to state, upon information and belief, is the owner of the premises located at 1107 First Avenue, New York, NY 10065, and upon information and belief, leases a certain ground floor commercial space, to co-defendant PSYCHIC BOUTIQUE CORP., and begs leave to refer to any written agreements or other documents obtained and produced in discovery, and respectfully refer all questions of law to the Court. The remaining allegations within said paragraph are addressed to other parties and therefore require no response from this answering defendant.

SIXTH: Denies that any actionable event occurred at the premises in question as alleged in ¶ 6 of the complaint, and respectfully refer all questions of law and fact to the Court and trier thereof.

### RESPONSE TO "COUNT 1" (ADA)

SEVENTH: The allegations contained within ¶¶ 7-9 and each subpart therein of the complaint comprise assertions and/or conclusions of law to which no response is required of this answering defendant, and are otherwise denied to the extent any may be construed against this

defendant, and are respectfully referred to the Court.

EIGHTH: Deny knowledge or information sufficient to form a belief as to the allegations contained within ¶¶ 10-11 of the complaint, and deny any and all allegations and/or conclusions of law and respectfully refer same to the Court.

NINTH: Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained within ¶ 12 of the complaint, and all legal conclusions are respectfully referred to this Court.

TENTH: Deny each and every allegation contained within ¶¶ 13-14 of the complaint and respectfully refer all questions of law to the Court.

ELEVENTH: The statements contained within ¶ 15 of the complaint comprise conclusions and/or statements of law to which no response is required of defendant, and are otherwise denied to the extent any may be construed to apply to this answering defendant and refer all questions of law to the Court.

TWELFTH: Deny each and every allegation contained within ¶¶ 16, and each of its subparts, as well as ¶¶ 17-20, and respectfully refer all questions of law to the Court.

## **RESPONSE TO "COUNT II" (NYCHRL)**

THIRTEENTH: The allegations or statements contained within ¶ 21 of the complaint comprise conclusions or opinions of law and therefore require no response from defendant, and are otherwise denied to the extent any is required from same and are referred to the Court.

FOURTEENTH: Deny each and every allegation contained within ¶ 22 of the complaint as asserted as against this answering defendant, and respectfully refer all questions of law to the Court.

FIFTEENTH: Defendant repeats, reiterates and re-alleges each and every response to each

and every allegation raised in the complaint and incorporated into ¶ 23 of the complaint as if fully set forth herein.

### RESPONSE TO "COUNT III" (NYSHRL)

SIXTEENTH: The allegations or statements contained within ¶ 24 of the complaint comprise conclusions or opinions of law and therefore require no response from defendant, and are otherwise denied to the extent any is required from same and are referred to the Court.

SEVENTEENTH: Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained within ¶ 25 of the complaint, which is otherwise denied to the extent it comprises a statement / conclusion of law, which is respectfully referred to the Court.

EIGHTEENTH: Deny each and every allegation contained within ¶¶ 26-27 of the complaint and respectfully refer all questions of law to the Court.

NINETEENTH: Defendant repeats, reiterates and re-alleges each and every response to each and every allegation raised in the complaint and incorporated into ¶ 28 of the complaint as if fully set forth herein.

### RESPONSE TO "COUNT IV" (NYC ADMIN. CODE)

TWENTIETH: Deny each and every allegation contained within ¶¶ 29-36 of the complaint, and respectfully refer all questions of law to the Court.

TWENTY-FIRST: Defendant repeats, reiterates and re-alleges each and every response to each and every allegation raised in the complaint and incorporated into ¶ 37 of the complaint as if fully set forth herein.

### RESPONSE TO "ATTORNEYS' FEES AND COSTS"

TWENTY-SECOND: As to ¶ 38 of the complaint, deny that plaintiff is entitled to attorneys' fees, costs and expenses in commencing and/or prosecuting this action and refer all

questions of law to the Court.

TWENTY-THIRD:   Deny as to ¶ 39 of the complaint that plaintiff is entitled to any damages, compensatory or otherwise, and refer all questions of law to the Court.

### RESPONSE TO "DAMAGES"

TWENTY-FOURTH: Denies the allegations contained within ¶ 40 of the complaint, and any claim of entitlement to any damages asserted therein and refer all questions of law to the Court.

### RESPONSE TO "INJUNCTIVE RELIEF"

TWENTY-FIFTH:   Deny each and every allegation contained within ¶ 41 and the paragraph beginning with "WHEREFORE", and each of its subparts, of the complaint, and any claim to entitlement to the relief asserted therein and refer all questions of law to the Court.

### AS AND FOR A 1ST AFFIRMATIVE DEFENSE

TWENTY-SIXTH:   The complaint fails to state a cause of action cognizable in law or equity against the answering defendant and the complaint must therefore be dismissed.

### AS AND FOR A 2ND AFFIRMATIVE DEFENSE

TWENTY-SEVENTH:   Plaintiff lacks standing to maintain this action.

### AS AND FOR A 3RD AFFIRMATIVE DEFENSE

TWENTY-EIGHTH:  Plaintiff's claims are barred by the applicable statute of limitations.

### AS AND FOR A 4TH AFFIRMATIVE DEFENSE

TWENTY-NINTH:  Removal of the alleged barriers and/or alternative access requirements with respect to the Premises are not readily achievable and, therefore, not required.

### AS AND FOR A 5TH AFFIRMATIVE DEFENSE

THIRTIETH:  The injunctive relief sought by plaintiff would require fundamental changes to the Premises, is an undue burden, impractical, and/or is not structurally, technically, or

financially feasible, are not readily achievable, not otherwise required by law, statute, regulation or industry standards, inclusive of the subject premises being situated in an historic and/or landmark district, and the premises itself being so designated as an historic landmark.

## AS AND FOR A 6TH AFFIRMATIVE DEFENSE

THIRTY-FIRST:   Plaintiff failed to provide the requisite prior notice and/or otherwise failed to satisfy the conditions precedent to commencing this action.

## AS AND FOR A 7TH AFFIRMATIVE DEFENSE

THIRTY-SECOND: The Premises is an existing facility within the meaning of the Americans with Disabilities Act and any other applicable statues or regulations.

## AS AND FOR AN 8TH AFFIRMATIVE DEFENSE

THIRTY-THIRD:   Neither the Americans with Disabilities Act, nor any other state or local counterpart, is applicable to the Premises insofar as, *inter alia*, the Premises was constructed prior to the enactment of the Americans with Disabilities Act.

## AS AND FOR A 9TH AFFIRMATIVE DEFENSE

THIRTY-FOURTH:  Plaintiff has not suffered any injury in fact or damages, and/or failed to mitigate any damages that were allegedly suffered.

## AS AND FOR A 10TH AFFIRMATIVE DEFENSE

THIRTY-FIFTH:   Upon information and belief, co-defendant's employees are available to assist customers and have cured any violations of the statutes invoked by plaintiff in this action to the extent any existed.

## AS AND FOR AN 11TH AFFIRMATIVE DEFENSE

THIRTY-SIXTH:   Upon information and belief, plaintiff's claims are moot because the injunctive relief requested by plaintiff in the Complaint has already been implemented.

**AS AND FOR A 12TH AFFIRMATIVE DEFENSE**

THIRTY-SEVENTH: Defendant is not responsible for remediating the alleged architectural barriers at issue in the Complaint.

**AS AND FOR A 13TH AFFIRMATIVE DEFENSE**

THIRTY-EIGHTH:   Defendant has complied with all applicable federal, state, and local laws, rules, and regulations and has acted reasonable in all respects at all relevant times herein.

**AS AND FOR A 14TH AFFIRMATIVE DEFENSE**

THIRTY-NINTH:   Plaintiff is not entitle to attorneys' fees, compensatory, statutory or punitive damages.

**AS AND FOR A 15TH AFFIRMATIVE DEFENSE**

FORTIETH:   Plaintiff's claims are barred by all available equitable defenses, including but not limited to laches, fraud upon the court, and unclean hands.

**RESERVATION OF RIGHTS**

FORTY-FIRST:   Defendant reserves the right to assert and raise any other defenses available to it as discovery progresses, including its impleader rights.

**DEMAND FOR JURY TRIAL**

Defendant hereby demands a jury trial as provided by the Federal Rules of Civil Procedure as to all issues or claims for which a jury trial is allowed.

**COUNTERCLAIM**

FORTY-SECOND:   This answering defendant has retained the law office of Rubin Paterniti Gonzalez Rizzo Kaufman LLP, and has agreed to pay it a reasonable fee for its services. Pursuant to 28 U.S. C. §1927, 42 U.S.C. §12205, and 42 U.S. Code § 2000a–3(b) (based upon Plaintiff's demand for injunctive relief), Defendant is entitled to recover attorneys' fees and costs

7

incurred in this action in the event it is deemed a prevailing party in this action, or otherwise demonstrate entitlement to fees under said statutes. Accordingly, this answering defendant respectfully requests that the Court enter judgment against plaintiff, in favor of Jacreg Realty Corp., for an award of counsel fees, costs and disbursements, together with such further and different relief as the Court may deem just and proper.

## CROSSCLAIMS

### AS AND FOR A 1ST CROSS CLAIM
### AGAINST CO-DEFENDANT(S)
(Contractual Defense and Indemnification)

Prior to the occurrence(s) allegedly giving rise to each and every allegation forming the basis of plaintiff's Complaint, all material facts of which are denied, defendant and co-defendant entered into lease whereby co-defendant agreed to indemnify and hold harmless defendant with respect the claims and allegations asserted by plaintiff in the Complaint.

Accordingly, defendant has been damaged by co-defendant's breach of its contractual obligation to defend and indemnify defendant in connection with this litigation, and co-defendant will be liable, among other things, for the full amount of any recovery obtained against defendant including but not limited to the payment of any judgment rendered against defendant, and for all of their attorneys' fees, costs and disbursements.

### AS AND FOR A 2ND CROSS CLAIM
### AGAINST CO-DEFENDANT(S)
(Contractual Defense and Indemnification – Third Party Beneficiary)

Prior to the occurrence(s) allegedly giving rise to each and every allegation forming the basis of plaintiff's Complaint, all material facts of which are denied, co-defendant entered into contract(s) and/or written agreement(s), whether express or implied, with other parties whereby they agreed to defend, indemnify, and hold harmless defendant with respect to the claims and

allegations asserted by plaintiff in the Complaint as an intended third-party beneficiary to such agreement(s) or contract(s).

Accordingly, defendant has been damaged by co-defendant's breach of its contractual obligation(s) to defend and indemnify defendant in connection with this litigation, and co-defendant will be liable, among other things, for the full amount of any recovery obtained against defendant, including but not limited to the payment of any judgment rendered against said defendant, and for all of their attorneys' fees, costs and disbursements.

**AS AND FOR A 3RD CROSS CLAIM
AGAINST CO-DEFENDANT(S)**
(Failure to Procure Insurance Coverage in Favor of Defendant)

Prior to the occurrence(s) allegedly giving rise to each and every allegation forming the basis of plaintiff's Complaint, all material facts of which are denied, defendant and co-defendant entered into a lease whereby co-defendant agreed to procure insurance policies that named defendant as an additional insured, and among the terms and conditions of the lease, co-defendant agreed to obtain and maintain insurance coverage at its own expense in favor of defendant covering the circumstances giving rise to plaintiff's alleged damages.

Upon information and belief, co-defendant failed to procure and obtain such insurance coverage required by the lease and/or failed to name defendant as an additional insured on any such policy.

Accordingly, defendant has been damaged and co-defendant is responsible for defendant's payments and discharge of its liability to the extent of the required policy limits and the cost of defending and indemnifying against plaintiff's claims.

## AS AND FOR A 4TH CROSS CLAIM
## AGAINST CO-DEFENDANT(S)
(Common Law Indemnification)

That if plaintiff was caused to sustain the injuries alleged in the verified complaint through the conduct, acts or omissions, whether negligence, gross negligence, reckless, strict liability or otherwise culpable conduct other than plaintiff's own, all of which are denied by answering defendant(s), then such damages were caused wholly and solely by reason of the negligence, recklessness, carelessness and/or breach of duty, contract, warranties (express or implied), or otherwise through any fault or culpable conduct of co-defendant(s) by themselves and/or by or through or in concert with its/their agents, servants, independent contractors, sub-contractors and/or their agents, servants and employees, over whom answering defendant(s) had no control, by recklessly, negligently, and carelessly failing to properly perform the services rendered or work provided, and otherwise to properly maintain, operate, manage, supervise and direct said work and/or operation, without any negligence or culpability of the answering defendant(s).

Accordingly, if answering defendant(s) is/are found liable to plaintiff herein, then defendant(s) hereby demand(s) judgment over and against co-defendant(s) for common law indemnification for the full amount of any judgment which may be obtained herein by plaintiff against answering defendant(s), together with attorneys' fees, costs and disbursements expended in this action.

## AS AND FOR A 5TH CROSS CLAIM
## AGAINST CO-DEFENDANT(S)
(Common Law Contribution)

That, upon information and belief, if plaintiff was caused to sustain the injuries alleged in the verified complaint through the conduct, acts or omissions, whether negligence, gross negligence, reckless, strict liability or otherwise culpable other than plaintiff's own, which is

hereby denied in its entirety, then such damages were caused in whole or in part due to such culpable conduct of co-defendant(s), singularly or together or in concert with their contractors and/or sub-contractors, and/or their respective agents, servants and/or employees, with the answering defendant(s) bearing only, if at all, secondary, derivative, vicariously at fault, or otherwise by operation of law.

Accordingly, if this/these answering defendant(s) is/are found liable to plaintiff, then answering defendant(s) is/are hereby entitled to contribution from, and have judgment over and against, co-defendant(s) for the amount of any judgment deemed proportionate to each and every co-defendant as adjudged between all defendants herein.

WHEREFORE, defendant(s) JACREG REALTY CORP. hereby demand(s) judgment dismissing the Complaint together with costs, disbursements, and expenses of this action including attorneys' fees; alternatively, answering defendant(s) demand(s) judgment on its counterclaims against plaintiff and cross claims against co-defendant(s), together with reasonable attorneys' fees, costs and disbursements; together with such further and different relief as this Court deems just and proper.

Dated: New York, New York
       June 3, 2022

                        Yours, etc.,

                        RUBIN PATERNITI GONZALEZ
                        RIZZO KAUFMAN LLP

                        By: _____
                             JUAN C. GONZALEZ, ESQ.

                        *Attorneys for Defendant(s)*
                        JACREG REALTY CORP.
                        555 Fifth Avenue, 6th Floor
                        New York, NY 10017
                        Tel: (646) 809-3370
                        gonzalez@rpgklaw.com
                        File No.: 3748.2413

TO:   *All Counsel of Record via CM/ECF*

## ATTORNEY VERIFICATION

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF NEW YORK   )

JUAN C. GONZALEZ, being duly sworn, deposes and says:

That he is a member of the firm of attorneys representing the defendant(s) JACREG REALTY CORP. That he has read the attached Verified Answer to the Complaint and the same is true to his own belief, except as to matters alleged on information and belief, and as to those matters he believes them to be true to the best of his knowledge.

That deponent's sources of information are a claims file containing statements, reports and records of investigation, investigators, parties and witnesses, with which deponent is fully familiar.

That this verification is made by deponent because his clients do not reside within the county where deponent maintains his office and/or because deponent is the attorney for the corporate defendant(s).

_____
JUAN C. GONZALEZ

Sworn to before me this
3rd day of June, 2022

_____
NOTARY PUBLIC

OLGA RYBUSHKINA
Notary Public, State of New York
No. 01RY6321184
Qualified in Queens County
Commission Expires March 16, 2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NAMEL NORRIS,

                      Plaintiff,

   -against-

PSYCHIC BOUTIQUE CORP., a New York corporation d/b/a PSYCHIC BOUTIQUE and JACREG REALTY CORP., a New York corporation,

                      Defendants.

Case No.: 1:21-cv-8356

---

**VERIFIED ANSWER WITH COUNTER & AND CROSS CLAIMS**

---

RUBIN PATERNITI GONZALEZ RIZZO KAUFMAN LLP
*Attorneys for Defendant(s)*
**JACREG REALTY CORP**
Office and Post Office Address
555 Fifth Avenue, 6th Floor
New York, New York, 10017
Telephone (646) 809-3370

---

*TO: ALL PARTIES*

---